THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT KEITH GUTSCHKE, | § | 5-16-CV-226-DAE |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| L.K. JORDAN, SAN ANTONIO, LTD. | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO COMPEL MEDIATION; (2) GRANTING MOTION TO STAY; AND (3) DENYING MOTION TO STRIKE JURY DEMAND

Before the Court is Defendant's L.K. Jordan's ("Jordan") Answer, subject to its Motion to Stay, Motion to Compel Mediation, and Motion to Strike Plaintiff's Jury Demand. (Dkt. # 5.) Plaintiff Robert Gutschke did not file a response. Pursuant to Local Rule 7(h), the Court finds these matters suitable for disposition without a hearing. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Compel Mediation and Motion to Stay, and **DENIES WITHOUT PREJUDICE** the Motion to Strike (Dkt. # 5), pending the outcome of mediation.

BACKGROUND

Plaintiff was employed by Jordan, a staffing and job-placement service, as a Business Development Representative from March 2013 to January

2016. ("Compl.," Dkt. # 1 ¶ 7.) According to Plaintiff, he was hospitalized on May 10, 2015, for necrotizing fasciitis, a severe bacterial infection; as a result of the infection, he spent five weeks in an intensive care unit and his left arm was amputated. (Id. ¶ 8.) Plaintiff's father contacted Jordan with notice of Plaintiff's hospitalization, and Jordan approved Plaintiff for up to twelve weeks of leave under the Family Medical Leave Act ("FMLA"). (Id. ¶¶ 9–10.) Plaintiff returned to work on August 4, 2015, and learned that a number of his sales accounts had been taken over by Jeff Freitag, the branch manager at Jordan's San Antonio location; the parties agree that various accounts were not returned to Plaintiff upon his return. (Id. ¶¶ 12–13.)

In January 2016, Plaintiff's employment with Jordan was terminated due to inadequate sales performance. (Id. ¶ 15.) Plaintiff argues that his poor performance and subsequent termination were caused by Jordan's failure to consider his 12 weeks of FMLA leave when evaluating his yearly sales performance, as well as Mr. Freitag's failure to return Plaintiff's sales accounts upon his return from FMLA leave. (Id. ¶¶ 15–17.) On March 4, 2016, Plaintiff brought suit against Jordan, alleging unlawful interference with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2612(a)(1), 2614(a)(1) & (c)(1), and 2615(a)(1) (id. ¶¶ 18–26); and retaliation for engaging in FMLA-protected activity in violation of 29 U.S.C. §§ 2615(a)(1)–(2) (id. ¶¶ 27–36). On March 23, 2016,

Jordan filed an Answer, subject to a Motion to Stay, Motion to Compel Mediation, and Motion to Strike Plaintiff's Jury Demand. (Dkt. # 5.)

## ANALYSIS

### I. Whether Case Should be Referred to Mediation

Texas' Alternative Dispute Resolution Act ("ADR Act"), Tex. Civ. Prac. & Rem. Code §§ 154.001–154.073, "permits a court, either on its own motion or on agreement of the parties, to refer a dispute to . . . alternative dispute resolution." Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, No. 13–14–343–cv, 2015 WL 35233157, at *4 (Tex. App. June 4, 2014); Tex. Civ. Prac. & Rem. Code Ann. § 154.021(a). The Act further provides that "[a] party may object to the referral within ten days of receiving notice of it." Beldon Roofing, 2015 WL 35233157, at *4; Tex. Civ. Prac. & Rem. Code § 154.022.

A court may refer a case to mediation prior to considering any pleading on the merits where the parties previously entered into an agreement to mediate, or where the parties are otherwise required to mediate by law. See Barr v. Frannet, LLC, No. 3:07–CV–1222–M, 2008 WL 59295, at *3 (N.D. Tex. Jan. 3, 2008) (referring case to mediation after determining the agreement at issue expressly required disputes arising out of the agreement to be brought before a mediator before being brought in court); Woods v. Holy Cross Hosp., 591 F.2d 1164 (5th Cir. 1979) (upholding Florida Statute section 768.44, which requires

individuals pursuing a medical malpractice claim to participate in mediation before bringing an action in court).

According to Jordan, Plaintiff signed the following Mediation and Dispute Resolution Agreement ("DRA") on March 25, 2013, in connection with his employment: "[b]efore any suit or claim is filed by me or by my agent or representative, I shall enter into good faith Mediation with L.K. Jordan & Associates with a mediator jointly selected by the parties." (Dkt. # 5, Ex. 1A.) The DRA obligates Plaintiff "to be responsible for paying one-half of all costs of Mediation," and waives Plaintiff's right to a jury trial in the event mediation is unsuccessful. (Id.) Jordan's Vice President of Human Resources states that Plaintiff was given a copy of the Employee Handbook (Dkt. # 5, Ex. 2) prior to signing the DRA, and was "allowed to read the various company policies and the [DRA] and consider each before he signed them on March 25, 2013." ("Hibbs Aff.," Dkt. # 5, Ex. 1, at 1–2.)

The Court finds that the DRA, which does not preclude the possibility of litigation but only requires the parties to first engage in mediation, is consistent with Texas' ADR Act. There is no evidence that the DRA is invalid or was entered into under coercion; accordingly, the Court finds that the DRA, insofar as it requires the parties to enter into good faith mediation prior to litigating a dispute, governs the conduct of the parties. Therefore, the Court **REFERS** this case to

Mediation. Pursuant to the Texas ADR, Plaintiff has ten days from the issuance of this order to "file a written objection to the referral." Tex. Civ. Prac. & Rem. Code § 154.022(b). The parties are **ORDERED** to engage in good faith mediation, subject to Plaintiff's objections, pursuant to the terms of the DRA, and file notice with the Court as to the status or outcome of such mediation within sixty (60) days of the filing of this order.

II. Whether Jury Request Should be Struck

The Court declines to address the Motion to Strike the Jury Demand at this time, due to the possibility that the underlying issues will be resolved in mediation. Accordingly, this Motion is **DENIED WITHOUT PREJUDICE** (Dkt. # 5).

III. Whether Proceedings Should be Stayed Pending Outcome of Mediation

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936); In re Ramu, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."). Plaintiff has not opposed the imposition of a stay pending the outcome of mediation. Further, while Plaintiff seeks damages in this suit, he does not seek to regain employment at Jordan. Accordingly, the Court

finds the imposition of a temporary stay does not impose a significant risk that Plaintiff will suffer prejudice or other harm. See in re Davis, 730 F.2d 176, 178 (5th Cir. 1984) (explaining that a court must "balance the interests involved" when determining whether to stay a proceeding). Further, the interests of judicial economy weigh in favor of imposing a stay, as it is possible that issues in the case will be resolved in the course of mediation and need not be addressed by the Court. See In re Ramu, 903 F.2d at 318. The case is accordingly **STAYED** pending notice to the Court regarding the status of mediation**.**

Where a suit is stayed, an administrative closure is appropriate. See Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004). An administrative closure is "a postponement of proceedings," rather than "a termination." S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004). This case "may be reopened upon request of the parties or on the court's own motion" upon receipt of notice that mediation has been completed. Mire, 389 F.3d at 167.

## CONCLUSION

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. The parties are **REFERRED** to mediation pursuant

to the DRA, and are **ORDERED** to file joint notice with the Court as to the status or outcome of such mediation within sixty (60) days of the filing of this order. At that time, the Court will consider whether the instant case should be reopened.

**IT IS SO ORDERED.**

**DATED:** May 5, 2016. San Antonio, Texas.

_____________________________________
David Alan Ezra
Senior United States Distict Judge